### PEOPLE v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.
   Where in argument the district attorney states to the jury that, if they believe the prisoner guilty, he hopes they will have the nerve to vote him guilty, and, if so, he will put him on the stand as a witness, and use him against the true criminal in the case, and will ask the court to suspend sentence on him, and, on the remark being excepted to, repeats it, it is error sufficient to warrant reversal of conviction.

2. SAME—INSTRUCTIONS—CURING ERROR.
   The error in such language is not cured by an instruction that the suggestions made by the district attorney may not be considered by the jury, but that, if the man is guilty, he must be convicted on the evidence, and whatever further disposition may be made with reference to him is a matter which they may not enter into in determining such question.

Appeal from Cattaraugus county court.

Mitchell Smith was convicted of arson, and appeals. Reversed.

On the 16th day of February, 1899, the grand jury of Cattaraugus county indicted the defendant, jointly with one Gilbert Milks, for the crime of arson in the third degree, for having, on the 4th day of June, 1898, willfully, unlawfully, and feloniously, and with intent to destroy the same, set on fire and burned a certain dwelling house in the town of New Albion, in said county, the property of said Gilbert Milks. The defendant was arraigned upon such indictment at a trial term of the supreme court held in and for said county on the 17th day of February, 1899, and pleaded not guilty. On the same day the indictment was sent, by order of the supreme court, to the county court for trial. The defendant demanded a separate trial, which was had, commencing on the 5th day of June, 1899. It is the contention of the people that said Gilbert Milks, being the owner of the buildings and property burned, procured this defendant to set said property on fire, and cause its destruction, while he, the owner, Gilbert Milks, was away from home, and at a place 16 miles distant, in order that he, said Milks, might obtain the insurance thereon; and that this defendant actually set fire to and burned said buildings. The jury found the defendant guilty as charged in the indictment, and he was sentenced to the state's prison at Auburn for the period of three years and nine months. The presiding judge granted a certificate of reasonable doubt. A stay was granted, and the defendant was admitted to bail.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

M. B. Jewell, for appellant.
J. M. Congdon, Dist. Atty., for the People.

McLENNAN, J. After a careful examination of all the evidence in this case, we are of the opinion that it was of such a character as to require the submission of the defendant's guilt to the jury. We therefore deem it unnecessary to review the evidence, or to consider any of the alleged errors urged by the appellant as ground for reversal of the judgment of conviction, save one. The learned dis-

trict attorney, in his summing up to the jury, among other things, said:

"If, in your judgment, you believe this man to be guilty, then I want you to have the nerve to vote him guilty; and, if you do, then I will put him upon the stand as a witness, and if he will tell the truth about it, and use him as a witness against the true criminal in the case, and will ask the court to suspend sentence upon him."

The defendant's counsel interrupted the district attorney, and stated:

"That he desired to except to that statement that, if they convicted this man, they would try the principal."

The district attorney then said:

"I did state that, and I will repeat it. I stated to the jury, 'If, in your judgment, you believe this man guilty, then I want you to have the nerve to vote him guilty; and, if you do, then I will put him upon the stand as a witness, and if he will tell the truth about it, and use him as a witness against the true criminal in this case, and will ask the court to suspend sentence upon him.' "

The counsel for the defendant then said:

"I except to those remarks to the jury, and I except separately to the last part,—that he will then ask the court to suspend sentence upon him,—and I submit to the court that that question is not in the district attorney's hands."

In answer to the suggestion of defendant's counsel the court said:

"I will say to the jury that the suggestion to which the district attorney has just referred may not be considered by the jury in this case at all. If this man is guilty, he must be convicted upon the evidence here, and whatever further disposition may be made with reference to him is a matter which you may not enter into in determining this question here in this case."

We think the statement made by the district attorney was error, and that it was probably so prejudicial to the defendant that a reversal of the judgment of conviction is made necessary. We can hardly conceive of a statement which could have been made by the district attorney better calculated to improperly influence the action of the jury. By it they were informed by the prosecuting officer of the county, charged with the duty of enforcing the law, and seeing to it that all parties guilty of its violation were punished, that the real criminal in the transaction under consideration was another than the defendant, to wit, Gilbert Milks; that, in order to bring him to justice, it was necessary that they should convict the defendant, and assured the jury that, if they did so, he (the district attorney) would see to it that no harm came to the defendant, and would ask the court to suspend sentence. The remarks were susceptible of no other interpretation than that in the way suggested by the district attorney, and in that way alone, could justice be done,—could the real criminal in the transaction be punished. It is needless to say that such a consideration ought not in the slightest degree to have influenced the action of the jury in the case upon trial. They were to determine upon all the evidence, and upon the evidence alone, one single question, to wit, did the defendant, on the night of the 4th day of June, 1898, willfully set fire to the buildings of Gilbert Milks? What the result of their verdict would be;

whether it, if a verdict of guilty, was to be an aid in the conviction of Gilbert Milks; whether Gilbert Milks was guilty of wrongdoing, or even accused,—were considerations with which the jury in this case had nothing whatever to do. Yet it is apparent that when such an appeal was made to them by the prosecuting officer, clothed with the responsibility of his official position, it could not but find lodgment, and influence their deliberations. Upon retiring to the jury room, the argument there probably was—almost certainly was: "If we do not convict this defendant, the man whom the district attorney declares is guilty, is the principal, is the chief criminal, must go unpunished, and if we declare this defendant guilty no harm can come to him, because the prosecuting officer has said to us that he, as district attorney of the county of Cattaraugus, charged with the duty of seeing to it that criminals are punished, will ask the court to suspend sentence." We have searched the records of the courts of this state with considerable diligence, and have failed to find a case in which such a statement or such an appeal was made to a jury upon the trial of a criminal case. It is said that the remarks of the court cured the error. We think not. So far as appears, the court very mildly said to the jury, in substance, that the suggestions of the district attorney may not be considered by them, that the guilt or innocence of the defendant must be determined upon the evidence, and that as to what punishment the defendant was to receive in case of conviction was not to be considered by them. It is apparent that such remarks would be substantially impotent to remove from the minds of the jury the effect of the statement made by the prosecuting officer. Were the jury to understand by such remarks that the district attorney would not do, in case of conviction, what he said he would do, to wit, ask that the defendant be not punished? Were the jury to understand, notwithstanding the remarks of the court, that the chief criminal in the case was not Gilbert Milks, and that his conviction depended upon the conviction of the defendant? We think the language employed by the learned court was utterly ineffective for the purpose of removing from the minds of the jury the effect of the statement made. The prosecuting officer occupies a different and more responsible position in the prosecution of a criminal case than the retained attorney of a party. His statements imply verity because of the position he occupies. The statements as to what he will or will not do assume, in the minds of a jury at least, the character of a binding obligation; and we are only surprised that, in view of the statements made by the prosecuting officer, the defendant in this case has found it necessary to appeal from the judgment of conviction. The jury kept their part of the compact suggested by the district attorney, and convicted the defendant. The prosecuting officer has failed to keep his part, in that he failed to induce the court to suspend sentence. The considerations which induced this court to reverse the judgment of conviction and grant a new trial in the case of People v. Milks (decided at this term of court) 66 N. Y. Supp. 889, and the authorities referred to in the opinion of the court in that case, apply with even greater force to the question here under consideration. Upon the

authority of the decision in that case, and in the cases of People v. Smith, 162 N. Y. 520, 56 N. E. 1001, and People v. Fielding, 158 N. Y. 542, 53 N. E. 497, 46 L. R. A. 641, which we consider decisive upon the question here involved, it is concluded that the judgment and order appealed from should be reversed, and a new trial granted, solely upon the ground that the statement made by the district attorney, herein referred to, constituted error which was prejudicial to the defendant. Having reached such conclusion, it is unnecessary to discuss the other questions raised by defendant's objection and exception, and urged as cause for reversal of the judgment appealed from.

Judgment and conviction reversed, and proceedings remitted to the county court of Cattaraugus county, pursuant to section 547 of the Code of Criminal Procedure. All concur.